IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HOPE HOGYA, | ) CASE NO. 1:22 CV 1627 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| TIMOTHY CANNON, et. al., | ) |
| Defendants. | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |

## I. Introduction

On September 13, 2022, *pro se* plaintiff Hope Hogya filed this action against Timothy Cannon, Sharleen Connolly, and the Lake County Probate Court concerning the administration of Plaintiff's mother's estate. Plaintiff appears to allege that Defendants Cannon and Connolly fraudulently "merged" the estates of her mother and her grandfather, and the Probate Court permitted the conduct. Plaintiff claims that Connolly used her right to merge estates, sell the properties owned by her grandfather, and "continue to live on another property for personal gain." She also claims that Connolly did not "administer to the next of kin when legal ages allowed." (Doc. No. 1). Plaintiff seeks unspecified compensatory damages and an investigation into the purported criminal activities of the Lake County Probate Court.

For the following reasons, this action is dismissed.

## II. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2).The Court grants that application by separate order.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state a plausible claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677-78; Fed. R. Civ. P. 8(a)(2). The plaintiff is not required to include detailed factual allegations, but he or she must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678.

In reviewing a complaint, the Court must construe the pleading in the light most favorable

to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

## III. Discussion

Federal courts are "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990), and may not entertain an action over which jurisdiction is lacking. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982).

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, federal courts have only the authority to decide cases that the Constitution and Congress empower them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must establish that he or she is a citizen of one state and all of the defendants are citizens of others. The citizenship of a natural person equates to his domicile.

*Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Diversity of citizenship does not exist in this case. Plaintiff was incarcerated at the Lake County Adult Detention Facility, in Painesville, Ohio, when she filed the complaint. According to the docket, Plaintiff was released on bond in Lake County Court of Common Pleas Case No. 22CR000566, and her home address is Painesville, Ohio. Plaintiff is therefore a citizen of Ohio. Plaintiff does not provide an address for the defendants, but the Court takes judicial notice that the Lake County Probate Court is located in Painesville, Ohio. Because she cannot establish that all of the defendants are citizens of other states, federal subject matter jurisdiction cannot be based on diversity of citizenship.

Even if Plaintiff could establish diversity, the Supreme Court has held that federal courts have no jurisdiction to probate a will or administer an estate. *Markham v. Allen*, 326 U.S. 490, 494, 66 S. Ct. 296, 90 L. Ed. 256 (1946). "'Under the so-called 'probate exception,' even when the requirements of diversity jurisdiction have been met - the parties are diverse and the amount in controversy exceeds the jurisdictional threshold ... - a federal court nonetheless lacks jurisdiction over cases involving probate matters." *Lepard v. NBD Bank*, 384 F.3d 232, 237 (6th Cir.2004) (quoting *Storm v. Storm*, 328 F.3d 941, 943 (7th Cir. 2003)).

Therefore, to the extent that this may be a probate action, this Court has no jurisdiction,

-4-

and the case must be dismissed.

**IV. Conclusion**

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

> /s/ Donald C. Nugent
> DONALD C. NUGENT
> United States District Judge

DATED: December 14, 2022